**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANDRES TAMBERG; MUREL
MURAKAS,

                    Petitioners,

        v.

ERIC H. HOLDER, Jr., Attorney General,

                    Respondent.

No. 11-71294

Agency Nos.  A072-563-895
                        A072-404-391

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

    Andres Tamberg and Murel Murakas, natives of the former Soviet Union

and citizens of Estonia, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Tamberg's experiences in Estonia, including name-calling, threatening phone calls, and fistfights did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, unfulfilled threats, and one beating did not compel finding of past persecution). We reject Tamberg's contention that the agency failed to consider the cumulative effect of the harms he suffered. Substantial evidence also supports the BIA's finding that Tamberg failed to demonstrate a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, Tamberg's asylum claim fails.

Because Tamberg failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, we lack jurisdiction to review Tamberg's contention that the IJ's decision was arbitrary and capricious, because he failed to raise this argument to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**